UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  Plaintiff,

-*against*-

ISSAK ALMALEH, a/k/a "Issak Izrael," *and*
ANTOANETA IOTOVA,

                  Defendants.

**ORDER**

17-cr-25 (ER)

RAMOS, D.J.

    Currently, there are several motions pending before the Court filed by Issak Almaleh and Antoaneta Iotova ("Defendants"), who are proceeding *pro se*. Docs. 604, 605, 616, 617, 622. The Court will resolve each motion in turn.

    On February 3, 2025, Defendants filed a motion to vacate pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of Defendants' trial counsel. Docs. 604, 605. On February 8, 2025, the Government requested that the Court issue an order requesting Defendants to execute an "Attorney-Client Privilege Waiver (Informed Consent)" form in order to facilitate the Government's ability to respond to the motion. Doc. 607. On February 10, 2025, the Court issued the order. Doc. 608. On February 18, 2025, Defendants appealed the Court's order to the Second Circuit Court of Appeals. Doc. 609. On March 31, 2025, the Circuit dismissed the appeal. Doc. 620. On May 15, 2025, the Government filed a letter opposing the motion. Doc. 621.

    As of today's date, Defendants have not executed and filed with the Court the informed consent form. Thus, the motion is denied because Defendants failed to authorize the disclosure of information needed to permit the Government to respond to the motion, and the Court to

resolve the motion. *See e.g.*, *Sanders v. United States*, No. 23-cv-1547 (PAE), Doc. 8 (S.D.N.Y. April 7, 2023) (denying § 2255 motion alleging ineffective assistance of counsel because defendant declined to waive attorney-client privilege).

On March 25, 2025, Defendants filed a second motion to vacate pursuant to § 2255, alleging that certain trial witnesses were "malicious and lied, all their testimony was based on the 'hear say' basis, and all these witnesses called had no knowledge about the subject of the case, etc. the ownership of the properties involved." Doc. 616 at 1. On May 15, 2025, the Government filed a letter opposing the motion. Doc. 621.

Defendants' claim is procedurally defaulted because they failed to raise the claim on appeal. A defendant that "has procedurally defaulted a claim by failing to raise it on direct [appeal]" may raise a claim under § 2255 *only if* "the defendant can first demonstrate either 'cause' and 'actual prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Here, Defendants have not shown cause excusing their failure to raise this claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice"). In addition, the Second Circuit also recently affirmed Defendants' judgments of conviction. Doc. 618. Accordingly, the motion is denied.

On April 1, 2025, Defendants filed a letter requesting that the Court waive the requirement for interest on their restitution. Doc. 617.[1] The Court notes that Almaleh previously requested at sentencing that the Court waive the requirement for interest, and the Court denied

---

[1] Defendants also requested that their restitution be reduced by $5,000 due to the bond posted by Iotova to secure her appearance bond. Doc. 617. In their response, the Government explained that they "intend[] to file a motion with [the] Court pursuant to 28 U.S.C. § 2044 to apply [the bond] to the outstanding restitution balance." Doc. 623 at 2. Accordingly, the Court will hold Defendants' request in abeyance in light of the Government's forthcoming motion.

the request. Docs. 546, 547, 557. On May 16, 2025, the Government responded opposing the most recent request. Doc. 623.

A court may "waive the requirement for interest" if it "determines that the defendant does not have the ability to pay interest." 18 U.S.C. § 3612(f)(3). The accrued interest is required by statute. Accordingly, the motion is denied.

On May 16, 2025, Defendants filed a third motion pursuant to § 2255 for reconsideration and to vacate judgment "due to violation of due process and right to present a complete defense." Doc. 622. Defendants' claims relate to the following categories: (1) ineffective assistance of counsel, (2) evidentiary errors, and (3) challenges to the indictment. *Id.* Defendants allege, among other things, that their "defense attorneys failed to present important evidence" and that certain tenant-witnesses "had no knowledge about the case." *Id.* On May 21, 2025, the Government filed a letter opposing the motion. Doc. 625. These claims are also procedurally defaulted since Defendants failed to raise them on appeal. *See Massaro*, 538 U.S. at 504. In addition, as already mentioned, the Second Circuit also recently affirmed Defendants' judgments of conviction. Doc. 618. Accordingly, the motion is denied.

In its May 21, 2025 letter, the Government also asked the Court to issue an order notifying Defendants that the filing of future frivolous papers could result in a sanction requiring them to obtain leave of the Court before making any filings. Doc. 625. At this time, the Court will not issue the proposed order.

In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith and therefore denies in forma pauperis status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

3

For the reasons set forth above, Defendants' motions are denied. The Clerk of Court is respectfully directed to terminate the motions, Docs. 604, 605, 616, 622.

SO ORDERED.

Dated: May 28, 2025
        New York, New York

                                                 EDGARDO RAMOS, U.S.D.J.